# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALFONSO RIVERA-AVALOS, et al.,<br><br>　　　　Defendants. | 2:09-CR-262 JCM (RJJ) |

## ORDER

Presently before the court is petitioner Alfonso Rivera-Avalos's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. #245). The government has filed a response (doc. #248), to which petitioner has not replied.

**I.     Background**

On October 14, 2010, petitioner pleaded guilty to conspiring to possess, with the intent to distribute, fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(viii) as well as 21 U.S.C. § 846. (Doc. #147). On March, 22, 2011, this court sentenced petitioner to 188 months in prison, followed by five years of supervised release. (Doc. # 204).

Subsequently, on September 2, 2011, petitioner filed the instant motion. Petitioner contends that his counsel was ineffective because counsel (1) coerced him into taking a plea deal and (2) failed to argue that the statutes under which he was convicted are invalid under the Tenth Amendment.

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

### A. Legal Standard

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a petition for a writ of habeas corpus if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.

#### 1. Ground One: Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, the petitioner must demonstrate that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The purpose of guaranteeing effective assistance of counsel is "to ensure that criminal petitioners receive a fair trial." *Id*. at 689. Failure to raise a non-meritorious argument does not constitute ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (counsel has no duty to raise non-meritorious issues).

##### a. Guilty Plea Coerced

Generally, a movant may not collaterally attack the sentence if he enters a voluntary and intelligent guilty plea upon the advice of competent counsel. *See United States v. Broce*, 488 U.S. 563, 574 (1989). The movant may raise claims regarding whether the guilty plea was voluntary and intelligent or whether counsel was ineffective in advising movant to enter a plea. *See Broce*, 488 U.S. at 569.

Petitioner contends that his attorney informed him that he would face harsher consequences if he did not sign a plea agreement, and that his plea was therefore involuntary. Mot. Vacate at 5. There is no reference in petitioner's motion to any specific language used or any other allegedly coercive action taken by his attorney. Petitioner also asserts that this type of ineffective assistance claim is a matter of first impression. *Id*. at 6.

Contrary to petitioner's claim, the Ninth Circuit has held that it was not coercive when an attorney "frankly stated [to his client] that he did not have 'a leg to stand on' and should enter a plea of guilty." *United States v. Crank*, 438 F.2d 635, 637 (1971). *See also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) ("Advice–even strong urging by counsel does not invalidate a guilty plea.").

Furthermore, pursuant to Federal Rule of Criminal Procedure 11, this court found that petitioner's plea was "voluntary and did not result from force, threats, or promises . . . ." Fed R. Crim. Proc. 11(b)(2). Petitioner assured the court that his plea was uncoerced before his plea was accepted. (Doc. #147). Most importantly, during petitioner's change of plea hearing, this court engaged petitioner in an extended colloquy regarding the voluntariness of his plea:

> The Court: Has anyone threatened you or forced you to plead guilty?
> The Defendant: No.
> The Court: Has anyone told you that if you do not plead guilty, further charges will be brought against you?
> The Defendant: No.
> The Court: Has anyone told you if you do not plead guilty, some other adverse action will be taken again[st] you?
> The Defendant: No.
> The Court: Are you pleading guilty because of any coercion from or fear of co-defendants?
> The Defendant: No.
> The Court: Has anyone made any promise to you that induced you to plead guilty?
> The Defendant: No.

*Id*. at 16:1-18.

Therefore, petitioner's claim that his guilty plea was coerced by counsel is without merit.

### b.     Invalidity of 21 U.S.C. §§ 841 and 846

Petitioner argues at great length that his counsel was ineffective for failing to argue that the statutes under which he was convicted, as well as all federal statutes prohibiting "victimless crimes," are invalid under the Tenth Amendment. Mot. Vacate at 6-38.

There is no case law holding that 21 U.S.C. §§ 841 and 846 violate the Tenth Amendment. However, when examining a similar law criminalizing the purely intrastate possession and distribution marijuana, the Supreme Court held that congress acted within the bounds of its authority

under the commerce clause. *Gonzales v. Raich*, 545 U.S. 1, 32, 125 S. Ct. 2195, 2215 (2005).

Because no court has ever accepted the argument that federal laws criminalizing possession and distribution of controlled substances are unconstitutional and the Supreme Court has specifically rejected it, such an argument is without merit. Failure to raise a non-meritorious argument does not constitute ineffective assistance of counsel. *See Shah*, 878 F.2d at 1162. Therefore, petitioner's counsel was not ineffective for failing to raise this issue. Petitioner's ineffective assistance of counsel claim is dismissed.

For the reasons stated above,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Alfonso Rivera-Avalos's motion to vacate or set aside his sentence pursuant to § 2255 motion (doc. #245) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, because reasonable jurists would not find this conclusion to be debatable or wrong, a certificate of appealability shall not issue.

DATED April 11, 2012.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -